UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GARY T. RAMADEI,** | : | **CIVIL ACTION NO.:** |
| | : | |
| **Plaintiff,** | : | **3:21-cv-01435 (   )** |
| | : | |
| **v.** | : | |
| | : | |
| **RADIALL USA, INC.** | : | |
| | : | |
| **Defendant.** | : | **October 29, 2021** |
| | : | |

## COMPLAINT

### I.    INTRODUCTION

1.    Gary Ramadei was hired by Applied Engineering Products more than 30 years ago as their Facilities Manager.  In 2005, Radiall USA, Inc. acquired Applied Engineering Products and, with it, Gary Ramadei and his wealth of institutional and technical knowledge.

2.    On October 16, 2020, at the age of 61, just two weeks after his return from protected medical leave under the Family and Medical Leave Act, Gary Ramadei was told his position had been eliminated and he was terminated.

3.    Accordingly, Gary Ramadei brings claims for discrimination, pursuant to the Age Discrimination in Employment Act (ADEA) 42 U.S.C. § 12101 *et seq.*; the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-60; and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*

4.    Mr. Ramadei demands a jury trial on all claims so triable.

### II.    JURISDICTION AND VENUE

5.    The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because the events or omissions giving rise to the asserted claims occurred herein.

7.      This Court has supplemental jurisdiction over the plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because they form part of the same case or controversy as the federal law claims.

## III.    PARTIES

8.      The plaintiff, Gary Ramadei, resides in Cheshire, Connecticut.

9.      Mr. Ramadei was born in August 1959.

10.     The defendant, Radiall USA, Inc., is a corporation incorporated under the laws of Connecticut and with its principal place of business in Wallingford, Connecticut.

11.     Radiall USA, Inc. employs 50 or more employees in Connecticut.

12.     At all relevant times mentioned herein, Radiall USA, Inc. was Mr. Ramadei's employer within the meaning of the ADEA, the FMLA, and the CFEPA.

## IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.     The plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") alleging discrimination and retaliation.  The complaint was dual filed with the federal Equal Employment Opportunity Commission ("EEOC").

14.     The CHRO complaint was filed in a timely manner insofar as it was filed within 180 days of the defendant's last discriminatory and retaliatory acts against the plaintiff.

15.     Mr. Ramadei received a Release of Jurisdiction from the CHRO, dated August 17, 2021, and a Notice of Right to Sue from the EEOC, dated October 25, 2021.

16.     Mr. Ramadei filed this Complaint within 90 days of his receipt of the agencies' releases of jurisdiction.

IV.    **STATEMENT OF FACTS**

   A.    **Gary Ramadei Has Excellent Performance for More than Three Decades.**

17.    Applied Engineering Products hired Mr. Ramadei more than 30 years ago as their Facilities Manager.

18.    In 2005, Radiall acquired Applied Engineering Products.

19.    For more than three decades, Mr. Ramadei had superb performance and was given significant raises in recognition for his good work.

20.    Prior to his termination, Radiall never disciplined Mr. Ramadei or criticized his performance.

   B.    **Mr. Ramadei Takes Protected FMLA for His Serious Health Condition.**

21.    In early September 2020, Mr. Ramadei began experiencing shortness of breath and was ultimately admitted to the hospital on September 13 for pulmonary embolisms.

22.    Mr. Ramadei reported his illness to Lori Musante, Director of Human Resources, and Rich Broga, his supervisor, and told them he needed medical leave from September 9 to September 28, 2020.

23.    Radiall approved Mr. Ramadei's leave under the Family and Medical Leave Act.

24.    Following his medical leave, Mr. Ramadei returned to work with no restrictions.

   C.    **Radiall Terminates Mr. Ramadei for Pretextual Reasons Two Weeks After His Return from Medical Leave.**

25.    On October 16, 2020, just two weeks after Mr. Ramadei returned from his protected medical leave, Radiall terminated him.

26.    According to Radiall, it eliminated his position.

27.    In Radiall's termination letter to Mr. Ramadei, though, it invited him to stay on through November 13, 2020, to train his successor.

3

28.    In reality, Mr. Ramadei's position was not eliminated.  Instead, he was replaced by someone more than 25 years his junior who had not recently taken a protected medical leave.

29.    Upon information and belief, around the same time as Mr. Ramadei's termination, Radiall also laid off several other employees in their 50s and 60s.

30.    Upon information and belief, Radiall also has a history of terminating employees who take medical leaves.  Specifically, a female inspector and a male maintenance mechanic both were summarily dismissed on the heels of recovering from their own serious health conditions.

## V.    LEGAL CLAIMS

**FIRST CLAIM FOR RELIEF:
AGE DISCRIMINATION,
IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT,
29 U.S.C. § 623**

31.    All allegations in Sections I through IV are incorporated herein as if fully pled in this Count.

32.    Radiall terminated Mr. Ramadei because of his age.

33.    As a result of Radiall's conduct, Mr. Ramadei suffered damages.

**SECOND CLAIM FOR RELIEF:
AGE DISCRIMINATION,
IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT,
29 U.S.C. § 623; LIQUIDATED DAMAGES, 29 U.S.C. § 626(b)**

34.    All allegations in Sections I through IV are incorporated herein as if fully pled in this Count.

35.    Radiall terminated Mr. Ramadei because of his age.

36.    Radiall knew or recklessly disregarded that its conduct was a violation of the ADEA.

37.    As a result of Radiall's unlawful conduct, Mr. Ramadei claims liquidated damages.

## THIRD CLAIM FOR RELIEF:
## AGE DISCRIMINATION,
## IN VIOLATION OF THE CFEPA,
## CONN. GEN. STAT. § 46a-60(a)(1)

38.    All allegations in Sections I through IV are incorporated herein as if fully pled in this Count.

39.    Mr. Ramadei's age was a motivating factor in Radiall's decision to take one or more adverse employment actions against him.

40.    As a result of Radiall's conduct, Mr. Ramadei suffered damages.

## FOURTH CLAIM FOR RELIEF:
## AGE DISCRIMINATION,
## IN VIOLATION OF THE CFEPA,
## CONN. GEN. STAT. § 46a-60(a)(1); PUNITIVE DAMAGES

41.    All allegations in Sections I through IV are incorporated herein as if fully pled in this Count.

42.    Mr. Ramadei's age was a motivating factor in Radiall's decision to take one or more adverse employment actions against him.

43.    Radiall's unlawful conduct was committed willfully or with reckless disregard for Mr. Ramadei's right to be free from age discrimination.

44.    As a result of Radiall's unlawful conduct, Mr. Ramadei claims punitive damages.

### FIFTH CLAIM FOR RELIEF:
### RETALIATION, IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2615

45. All allegations in Sections I through IV are incorporated herein as if fully pled in this Count.

46. Mr. Ramadei exercised rights protected by the FMLA.

47. Mr. Ramadei's exercise of his rights under the FMLA was a motivating factor in Defendant's decision to take one or more adverse employment actions against him.

48. As a result, Mr. Ramadei suffered damages.

\* \* \*

**WHEREFORE,** Mr. Ramadei requests that this Court assume jurisdiction over this Complaint, enter judgment in his favor, and award him:

1. Economic damages;

2. Compensatory damages;

3. Liquidated damages;

4. Punitive damages;

5. Interest, pursuant to § 37-3a of the Connecticut General Statutes;

6. Reasonable attorney's fees and costs; and

7. Such other relief as may be just and equitable.

**RESPECTFULLY SUBMITTED,**
**THE PLAINTIFF,**

By: _/s/ Amanda M. DeMatteis_

Amanda M. DeMatteis *(ct29413)*
Joshua R. Goodbaum *(ct28834)*
GARRISON, LEVIN-EPSTEIN
    FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, CT  06511
Tel.: (203) 777-4425
Fax: (203) 776-3965
adematteis@garrisonlaw.com
jgoodbaum@garrisonlaw.com

**Please enter our appearances on behalf of the plaintiff in this matter.**